UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCOTT HASTINGS,<br><br>                Plaintiff,<br><br>      v.<br><br>SANDRA HUTCHENS, et al.,<br><br>                Defendants. | Case No. 8:18-00529 CAS (ADS)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS** |

**I.     INTRODUCTION**

Plaintiff David Scott Hastings, a current prisoner at Avon Park Correctional Institution, proceeding pro se, filed a Complaint under 42 U.S.C. § 1983.  [Dkt. No. 1].  Two motions to dismiss the First Amended Complaint were granted in part on March 16, 2020, and Plaintiff was given leave to file a Second Amended Complaint that cured the deficiencies identified by the Court.  [Dkt. No. 63].  Now, more than five months later, despite repeated opportunities and warnings, Plaintiff has failed to allege facts that state a claim or properly prosecute this case, and as such, it must be dismissed.

## II. **RELEVANT PROCEDURAL HISTORY**

On March 29, 2019 the Court granted in part a Motion to Dismiss filed by defendant Sheriff Sandra Hutchens, for a failure to state a claim and potential expiration of the statute of limitations. [Dkt. No. 20]. Plaintiff was granted leave to file a First Amended Complaint. [Id.].

Plaintiff filed a First Amended Complaint on June 12, 2019. [Dkt. No. 25]. Defendant Sheriff Hutchens, sued in both individual and official capacity, filed another Motion to Dismiss. [Dkt. No. 26]. Service by United States Marshal Service was ordered and authorized on the newly added defendants, Deputies P. Lane, P. Neiman, Goldhammer, and the Orange County Health Care Agency. [Dkt. Nos. 30, 31]. Defendants P. Neiman and Goldhammer, sued in both individual and official capacity, appeared and filed a Motion to Dismiss on November 20, 2019. [Dkt. No. 44]. Service was not executed on Defendant P. Lane, who was no longer employed by the agency. [Dkt. Nos. 51, 52].

The Court issued an Order to Show Cause why Case Should Not be Dismissed for Failure to Prosecute against Defendant P. Lane, warning that Plaintiff had failed to comply with his responsibility to serve the summons and complaint upon all defendants within the allotted time period. [Dkt. No. 62]. Plaintiff did not respond to the Order to Show Cause until a month past the deadline, and his response did not comply with the Order to Show Cause. [Dkt. No. 64]. However, the Order to Show Cause was discharged when the Order Granting Motion to Dismiss with Leave to Amend was issued. [Dkt. No. 65].

On March, 16, 2020, the Court granted in part the two Motions to Dismiss filed by Defendants Sheriff Hutchens, P. Neiman, and Goldhammer, warning that it appeared

all claims were barred by the statute of limitations, and Plaintiff had not alleged sufficient facts to show the delayed discovery rule should apply, or that he was entitled to equitable tolling. [Dkt. No. 63]. However, it was not abundantly clear that Plaintiff could not allege facts to show the delayed discovery rule or equitable tolling should apply, so Plaintiff was granted leave to amend, to allege facts to show the claims were not time barred, and to remedy the other identified deficiencies. [Id.]. Plaintiff was cautioned this would be his final opportunity to show all claims were not time barred and state a claim upon which relief can be granted. [Id. at p. 13]. Plaintiff was further warned that for a failure to respond to the Order to Show Cause why Defendant P. Lane should not be dismissed, an amended complaint should not list P. Lane as a defendant. [Id. at pp. 9-10]. Plaintiff's Second Amended Complaint was due April 6, 2020. [Id.].

Over the next five months, Plaintiff requested, and received, three extensions of time to file a Second Amended Complaint. [Dkt. Nos. 66-71]. After the third extended due date passed with no response, the Court issued an Order to Show Cause why Case Should Not be Dismissed for Failure to Prosecute and Comply with Court Orders. [Dkt. No. 72]. Plaintiff was explicitly warned the case would be subject to dismissal if he did not file a response by August 7, 2020. [Id.].

On August 25, 2020, the Court received another request for extension of time, where Plaintiff requested an unspecified amount of time to file an amended complaint. Dkt. No. 73]. On August 28, 2020, the Court received a response to the Order to Show Cause, which also requested an unspecified amount of time to file an amended complaint. [Dkt. No. 74]. This response did not properly address the issues raised in the Order to Show Cause.

Despite a demonstrated ability to file with the Court, and despite repeated

warnings that that case will be dismissed if he does not allege sufficient facts to state a claim that is not barred by the statute of limitations, Plaintiff has not filed a second amended complaint or other appropriate response to the March 16, 2020 Order Granting Motion to Dismiss with Leave to Amend or the July 24, 2020 Order to Show Cause.  Although pro se prisoner plaintiffs are given more leeway than represented parties, that leeway is not inexhaustible.

### III.	DISCUSSION

Dismissal of this action is warranted due to Plaintiff's failure to prosecute the case and comply with court orders.  The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order.  See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002).  The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Pagtalunan, 291 F.3d at 642.

Here, the first, second, third, and fifth factors weigh in favor of dismissal.  First, Plaintiff has failed to appropriately respond to the Court's March 16, 2020 Order Granting Motion to Dismiss with Leave to Amend or to the July 24, 2020 Order to Show Cause.  This failure to prosecute the case has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket.  See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's

1  interest in expeditious resolution of litigation always favors dismissal."). Second,
2  Plaintiff has failed to rebut the presumption that defendants have been prejudiced by
3  this unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("[T]he law
4  presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542
5  F.2d 522, 524 (9th Cir. 1976)). Third, there is no less drastic sanction available as the
6  Court has warned Plaintiff that the case would be dismissed. Accordingly, the Court has
7  taken meaningful steps to explore alternatives to dismissal. See Henderson v. Duncan,
8  779 F.2d 1421, 1424 (9th Cir. 1986) ("[T]he district court need not exhaust every
9  sanction short of dismissal before finally dismissing a case, but must explore possible
10 and meaningful alternatives."). Finally, although the fourth factor always weighs
11 against dismissal, here Plaintiff's failure to discharge his responsibility to move the case
12 towards a disposition outweighs the public policy favoring disposition on the merits.
13 Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991) ("[A]lthough there is
14 indeed a policy favoring disposition on the merits, it is the responsibility of the moving
15 party to move towards that disposition at a reasonable pace, and to refrain from dilatory
16 and evasive tactics."). Moreover, Plaintiff has failed to submit a complaint that reflects
17 any claim upon which relief may be granted. Having weighed these factors, the Court
18 finds that dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) is
19 warranted.
20 ///
21 ///
22 ///
23 ///
24 ///

IV. **CONCLUSION**

Accordingly, this action is dismissed for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). Judgment is to be entered accordingly.

**IT IS SO ORDERED**.

Dated: September 4, 2020

_____
THE HONORABLE CHRISTINA A. SNYDER
United States District Judge

Presented by:

     /s/ Autumn D. Spaeth                    
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge